

**ORDERED in the Southern District of Florida on October 16, 2007.**

　　　　　　　　　　　　　　　　　　　　　　　　　Paul G. Hyman, Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

___

```
            UNITED STATES BANKRUPTCY COURT
              SOUTHERN DISTRICT OF FLORIDA
                 West Palm Beach Division

IN RE:                              CASE NO: 03-32460-BKC-PGH

Serve-Em.Com, Inc.,                 Chapter 7 Proceedings
     Debtor.
_____/
```

**ORDER SETTING HEARING ON ALTERNATIVE MOTION TO STAY PENDING APPEAL; AND ORDER: 1) DENYING RESTATED MOTION TO RECUSE JUDGE PAUL HYMAN; 2) DENYING RESTATED MOTION TO VACATE FINAL JUDGMENT; 3)DENYING RESTATED MOTION TO RECUSE CHAPTER 7 TRUSTEE MICHAEL BAKST; AND 4)DENYING RESTATED MOTION TO ENTER A JUDGMENT AGAINST MICHAEL BAKST (C.P. #418)**

**THIS MATTER** came before the Court upon Prieur J. Leary, III's ("Leary") Restated Pro Se Motion to Stay Pending an Evidentiary Hearing, Motion to Vacate Final Judgment (or Alternatively to Stay Pending Appeal), to Recuse Judge Paul Hyman, to Recuse Chapter 7 Trustee Michael Bakst, and to Enter a Judgment Against Michael Bakst (C.P.#418) ("Omnibus Motion").

The Court will conduct a hearing to determine the merits of

1

Leary's request for a stay pending appeal, however all other relief sought by Leary in the Omnibus Motion is denied.

### 1. *Motion to Recuse Judge Paul Hyman is Denied*

This bankruptcy case was reassigned to the undersigned from Judge Steven Friedman pursuant to the *Order of Reassignment* (C.P. #386) entered September 20, 2007. Judge Friedman is no longer presiding over this case. Therefore, all of the allegations concerning Judge Friedman are moot. In addition, the Court notes that it previously determined that based upon 28 U.S.C. § 351 the allegations regarding judicial misconduct are frivolous and sanctionable in this Court. *See Order Striking Pro Se Judgment Debtor's Written Discovery Requests* (C.P.# 442)("Order Striking").

Apart from the allegations concerning Judge Friedman, Leary now asks that I recuse myself from this case. Federal Rule of Bankruptcy Procedure 5004(a) governs disqualification of bankruptcy judges and provides that:

> A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

F.R.B.P. 5004(a).

Pursuant to 28 U.S.C. § 455(a), a judge has a duty to disqualify himself when "his impartiality might reasonably be questioned." The statute provides an objective standard for recusal. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir.

2000). In determining whether a judge should disqualify himself, one must ask what a reasonable person knowing all the relevant facts would think about the impartiality of the judge. *In re Olcese*, 86 B.R. 916 (Bankr. N.D. Ohio 1988). Leary has put forth two bases for seeking my recusal.

Leary's first alleged grounds for requesting my recusal is based upon my wife, who is an attorney, appearing as opposing counsel to Lou Mrachek, Esq., ("Mrachek") in an unrelated state court proceeding involving parties who are completely unrelated to this proceeding. Mrachek and his firm, Page, Mrachek, Fitzgerald & Rose, P.A. ("PMFR") filed a Notice of Appearance (C.P. #330) in this case on August 30, 2007, indicating that they were retained as counsel to Infolink Communication Services, Inc. ("Infolink"), and to Leary. On September 18, 2007, prior to the assignment of this case to the undersigned, Mrachek, PMFR and others filed a Motion to Withdraw as Counsel (C.P.#383) based upon "irreconcilable differences" with Leary, Infolink, and James Kurzweg. Following the October 3, 2007 hearing thereon, the Court entered an Order granting Mrachek, PMFR and other's Motion to Withdraw. Thus, Mrachek and PMFR are no longer counsel to Leary. The mere fact that my wife is opposing counsel to Leary's *former counsel* in a completely unrelated matter in state court does not provide grounds for my recusal. It does not affect my impartiality, and it is too

remote to be objectively viewed by a reasonable person as affecting my impartiality.

Leary's second basis for seeking my recusal is Leary's allegation that I stated in open Court that I would not "overrule another peer judge" despite the legal validity of a party's arguments. Leary's Omnibus Motion states at page 17:

> 2. Judge Hyman recounted a story in open court on October 3, 2007 that he said was a reason why he could vacate the judgment against me.[1] The story basically said that he has a policy not [sic] overrule another peer judge, no matter the validity of the legal merit to do so.
>
> 3. Judge Hyman's view on this case is clearly conflict [sic] because of his wife's relationship with one of my attorneys, and that he clearly favor's his relationship with a peer judge (Steven Friedman) over determining the legal validity of the arguments I have presented to this Court.

Omnibus Motion at p. 17.

Leary's portrayal takes one of my statements out of context, and it completely misstates and misinterprets what I said in open Court. To clarify the record I have caused the transcript from the October 3, 2007 hearing to be filed. The transcript reveals the following discussion in open Court on October 3, 2007.

THE COURT:   Okay. He also has a motion to reconsider an order denying a motion to reconsider. I'm going to deny that. And the reason I'm telling you this is so everyone understands. Apparently there's an order

---

[1] The Court presumes that Leary intended to state that the story was a reason that the Court could <u>not</u> vacate the judgment, however he apparently omitted the word "not".

4

> by Judge Friedman that was appealed. That appeal was dismissed. Mr. Leary has filed a motion to reconsider Judge Friedman's previous order. However the order dismissing the appeal is also -- not also, is on appeal.
>
> I don't have jurisdiction, in my opinion, to deal with the matter until the second appeal is resolved. And the reason is, if your client is successful on the appeal, then the first appeal gets restated and then goes back to the original order.

***

THE COURT: No. No. But that's the reason I'm denying the second motion to reconsider. Because if he's successful on the second appeal, then the first appeal gets reinstated, which is of the order that he wants me to reconsider.

***

Mr. Cody: Yes. Your Honor. Respectfully, Your Honor, I believe that the jurisdictional question, and again, you wear the black robe, but we have a different view. However, if Your Honor is inclined to grant the motion but for the jurisdictional issue, we would be happy to dismiss the appeal. We think it's an interlocutory order, which did not divest the Court of jurisdiction, however —

THE COURT: Well, the answer is, I don't give you a tentative ruling, so that's really what you're asking for. I will tell you that I would be very leery, hesitant to issue an order setting aside another judge's order, no matter how improper I thought it was.

When I first got on the bench in the Southeast case my predecessor entered an order that was just flat wrong, and there was an appeal period missed by one day. And one of the big firms filed a motion to reconsider. I set it aside. The District Court agreed with me that the order was flat wrong. It went up to the 11th Circuit and the 11th Circuit reversed us, based on timely issues.

5

|               | Once the ten day period is gone, the 11th Circuit said too bad, even though the order, the underlying order was just flat wrong, And it was. |
|---------------|---|
| Mr. Cody:     | Okay. |
| THE COURT:    | So I'm leery of doing it. I'm not saying I wouldn't do it, but I'm just telling you that's the state of the law as I understand it now. I think they have loosened up a little, but I'm just telling you. So you better prosecute that appeal if you think Judge Friedman was wrong. |

Tr. Oct. 3, 2007 at p. 21-23.

As the transcript reveals, the Court's ruling was based upon the Court's understanding of its jurisdiction after a notice of appeal has been filed. The subject matter of the motion to reconsider the order denying a motion to reconsider[2] is on appeal. The story told by the Court was intended to relay this Court's experience with respect to the Eleventh Circuit's strictly construing the rules regarding the timing and effect of appeals, even when the order underlying the appeal is plainly wrong. In the case alluded to, this Court and the District Court were reversed by the Eleventh Circuit for having set aside another judge's incorrect order after the expiration of the appeal period. At the October 3, 2007 hearing, Leary was requesting the Court to set aside Judge Friedman's order after the appeal period had run. This raises the same jurisdictional issues, and therefore, the Court denied Leary's request.

---

[2] *I.e.*, the Motion to Reconsider Denial of the Amended Motion to Vacate (C.P.# 408).

6

In addition, Mr. Cody inappropriately attempted to bargain with the Court by suggesting the he would dismiss the appeal if the Court ruled favorably upon the motion to reconsider. The Court does not bargain and it does not enter tentative rulings. This Court's ruling was based solely on its view that it lacked jurisdiction to consider the motion to reconsider.

Leary now requests my recusal based upon my substantive ruling. However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994)(*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Unfavorable substantive rulings are legally insufficient to require recusal. *Commercial Paper Holders v. Hine, (In re Beverly Hills Bancorp)*, 752 F.2d 1334, 1341 (9th Cir. 1984). Section 455, Title 28, United States Code, is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise." *Berger v. United States*, 255 U.S. 22, 31 (1921). My statements in open Court were intended to explain the effect of the filing of a Notice of Appeal on this Court's jurisdiction. I did not say, as alleged, that I would not overrule a peer judge regardless of the legal merit of a party's argument. This Court cannot rule on matters for which it lacks jurisdiction and that is exactly what Leary has repeatedly attempted to persuade the Court to do. Leary's Omnibus Motion

7

misstated and mischaracterized what was said in open Court. While Leary may be unhappy with my substantive rulings, his discontent does not provide grounds to require my recusal.

## 2. *Motion to Vacate Final Judgment Is Denied*

Leary has appealed the following orders which have been transmitted to District Court, but not yet ruled upon: *Order Dismissing Bankruptcy Appeal* (C.P. #291), and *Order Denying Verified Motion to Vacate* (C.P. #349). As the Court has previously stated, a Notice of Appeal divests this Court of jurisdiction to hear matters related to the subject matter of the appeals.

Leary's Omnibus Motion now contains a request for the Court to vacate the final judgment entered against him on June 28, 2007 (C.P. 261)("Final Judgment"), and to stay the proceedings pending an evidentiary hearing to vacate said Final Judgment. This request is related to the subject matter of the appeals, and it is substantively the same as Leary's other recent requests. The docket shows the following recent motions by Leary and their disposition:

- 9/24/07    Amended Motion to Vacate Judgment (C.P.#401) which sought to vacate the Final Judgment.

- 9/27/07    *Order Denying Amended Motion to Vacate* (C.P.#406) denial based upon the Court's lack of jurisdiction.

- 10/01/07   Motion to Reconsider Amended Motion to Vacate (C.P. #408) which sought reconsideration of the September 27, 2007 Order.

8

10/04/07    *Order Denying Prieur J. Leary III's Motion to Reconsider Denial of Amended Motion to Vacate* (C.P. #410).

10/05/07    The instant Omnibus Motion (C.P.#418) which seeks among other things to have the Final Judgment vacated.

10/09/07    Notice of Appeal (C.P. #432) appealing the September 27, 2007 Order.

Thus, Leary asks the Court to vacate the Final Judgment notwithstanding the fact that: 1) the dismissal of the appeal of the Final Judgment; 2) the denial of reconsideration of the motion to vacate dismissal of the appeal of the Final Judgment; and 3) the denial of the amended motion to vacate the dismissal of the appeal of the Final Judgment, are currently on appeal to the District Court. By necessary implication, the Final judgment itself is included in the subject matter of these appeals because if Leary's appeal is successful the appeal of the Final Judgment will be reinstated and reviewed by the District Court. The Court *again* advises Leary that it cannot hear any matters that are the subject matter of *any* of these appeals.

> "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the [appellate court] and divests the [trial court] of its control over those aspects of the case involved in the appeal.". . "The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to matters involved in the appeal and divest the Bankruptcy Court of jurisdiction to proceed further with such matters." . . ."This is so because a bankruptcy judge does not have concurrent jurisdiction with the district court over the subject matter of an appeal....Once

9

> a notice of appeal is filed 'no lower court should be able to vacate or even modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.'... The rationale for this rule is the avoidance of confusion and waste of time that might result from putting the same issues before two courts at the same time."

*In re Bradshaw*, 284 B.R. 520, 522 (Bankr.D. Mass.2002).

In this case, Leary has effectively asked the District Court and this Court to rule simultaneously upon the same issues by virtue of his filing: 1) the Notice of Appeal (C.P. #432); 2) the Motion to Reconsider Order Denying Motion to Vacate (C.P. #408); and 3) the Omnibus Motion (C.P.#418). The Bankruptcy Court and the District Court do not share concurrent jurisdiction. Leary has impermissibly and repeatedly attempted to put the same issues before two different courts at the same time. As explained by the *Bradshaw* court, our judicial system does not permit different courts to consider the same issues at the same time. *Id.*

Leary's habit of filing notices of appeal simultaneously with, or at about the same time as, motions to reconsider[3] on substantively similar issues has rendered it jurisdictionally impossible for the Court to consider any of his numerous requests related to the subject matter of the appeals. Anything related to the subject matter of the dismissal of the appeal of the Final

---

[3] For example, on August 20, 2007, Leary filed both a Notice of Appeal (C.P. 306) in which he appealed the *Order Dismissing Bankruptcy Appeal* (C.P.#291) and a Verified Motion to Vacate Order Dismissing Appeal (C.P.# 305).

10

Judgment, including the Final Judgment itself, is now committed to the District Court for determination. Based purely upon this Court's lack of jurisdiction, Leary's current request to vacate the Final Judgment must be <u>denied</u> <u>again</u>.

Leary's pattern of inappropriately filing simultaneously, or filing at about the same time, both Notices of Appeal and Motions to Reconsider has no doubt contributed to his own frustration. However, the proper course is to allow the District Court to resolve the appeals, not for Leary to file a plethora of motions that this Court cannot rule upon. The filing of similar future motions by Leary regarding matters for which the Court is divested of jurisdiction would unquestionably be frivolous and sanctionable under Rule 9011. Leary is again warned that the Court will impose Rule 9011 sanctions if he files additional frivolous pleadings that seek relief relating to matters under appeal.

3.   ***Claim Against Trustee Requires Adversary Proceeding***

The Court also again denies Leary's request for a judgment against the Chapter 7 Trustee Michael Bakst ("Trustee"). As previously determined in the Court's Order Striking, any claim against the Trustee for actions taken in his official capacity must be brought as an adversary proceeding in the Bankruptcy Court. *See Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000). Leary also asks for Michael Bakst's "recusal". The Bankruptcy Code provides for removal (not recusal) of a trustee pursuant to 11 U.S.C. § 324(a)

11

which states:

> The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.

11 U.S.C. § 324(a).

Cause is not defined in the Bankruptcy Code. It is determined on a case-by-case basis. Courts have found cause to remove a trustee in a variety of circumstances.

> As a fiduciary, a trustee may be held liable for any losses proximately caused by his willful and deliberate violation of his fiduciary duties. A trustee is not, however, responsible for mistakes in judgment where that judgment was discretionary and reasonable under the circumstances. Breach of fiduciary duties and actual fraud on the part of a trustee may constitute "cause" for his removal under section 324. . . .However, if the actual injury is the product of a mere mistake in judgment it, in and of itself, cannot serve as a basis for removal.

*In re Haugen Const. Serv., Inc*., 104 B.R. 233, 240 (Bankr. D.N.D. 1989)(internal citations omitted).

Leary's Omnibus Motion seeks Trustee's removal based upon allegations related to Trustee's obtaining the Final Judgment. However as previously noted, all matters related to the subject matter of the dismissal of the appeal of the Final Judgment, and consequently the Final Judgment itself, are now committed to the District Court by virtue of Leary having filed his various appeals. Thus, Leary's request to recuse Trustee which the Court construes as a request to remove Trustee is denied. Leary may renew his motion to remove Trustee when the District Court enters appropriate findings of fact and resolves the appeals.

12

**4.**   *Alternative Motion to Stay Pending Appeal*

In the alternative, Leary requests the Court to stay the proceedings pending appeal. The Court finds that it is appropriate to conduct a hearing regarding the propriety of entering a stay pending resolution of the appeals.

### ORDER

The Court having reviewed the Omnibus Motion, the applicable law, the Court file and being otherwise fully advised in the premises hereby **ORDERS AND ADJUDGES** that:

1. The Restated Motion to Recuse Judge Hyman is **DENIED.**

2. The Restated Motion to Vacate Final Judgment is **DENIED** based upon the Notice of Appeal divesting the Court of jurisdiction to hear same.

3. The Restated Motion to Remove Trustee is **DENIED WITHOUT PREJUDICE** to filing a renewed motion upon resolution of the relevant appeals.

4. The Motion to enter a judgment against Trustee is **DENIED** on the basis that any claim against the Trustee for acts done in his official capacity must be brought in an adversary proceeding.

5. A hearing on the Alternative Motion to Stay Pending Appeal is set for hearing before this Court on October 25, 2007 at 2:30 P.M. at United States Bankruptcy Court, 1515 North Flagler Drive, Room 801 - Courtroom A, West Palm Beach, Florida.

###

Copies furnished to:

AUST

Michael Bakst, Esq.

```
Prieur Leary, III
344 Alton Road, Apt. 6
Miami Beach, FL 33139
```